
Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3374 | **DATE** | 12/11/2002 |
| **CASE TITLE** | Pavelich, et al. vs. Natural Gas Pipeline Company of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss [10-1] is denied. Defendant is directed to answer the first amended complaint within 21 days from the entry of this order. Status hearing is set for 1/13/03 at 9:30 a.m. for scheduling conference.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | **2** | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 12 2002 | |
| | Notified counsel by telephone. | | date docketed | 17 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 12/11/2002 | |
| MD | courtroom deputy's initials | 02 DEC 11 PM 4:40 | date mailed notice | |
| | | Date/time received in central Clerk's Office | MD mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
DEC 12 2002

GEORGE PAVELICH, MEERI PAVELICH, ALVIN BENNETT, MONA BENNETT, JOHN MINI, LINDA MINI, CHARLES CORDER, MILDRED CORDER, MICHAEL GERALDI, KATE GERALDI, CRAIG SNIDER, LISA SNIDER, THOMAS GESELL, CARLA GESELL, SUSAN BENNETT and FRANCES REYNOLDS,

Plaintiffs,

vs.

NATURAL GAS PIPELINE COMPANY OF AMERICA,

Defendant.

No. 02 C 3374
Judge Joan H. Lefkow

## MEMORANDUM OPINION AND ORDER

Plaintiffs, who are property owners in Zion, Wadsworth, and Russell, Illinois, filed suit in the Circuit Court of Illinois for the Nineteenth Judicial Circuit (Lake County) against defendant, Natural Gas Pipeline Company of America ("Natural"), alleging violations of their state and federal constitutional rights to substantive and procedural due process. On May 10, 2002, Natural removed the case to this court on the basis that it raised a federal constitutional question over which this court has original jurisdiction. Plaintiffs then filed a First Amended Complaint alleging deprivation of rights under the "Fifth and/or Fourteenth Amendments." They allege that Natural operates a dangerous natural gas pipe line lateral ("pipe line") near their homes, which lateral was installed without prior notice and an opportunity to be heard. Plaintiffs seek an injunction preventing Natural from operating the pipe line, or, alternatively, requiring Natural to

remove it because Natural did not afford plaintiffs notice of and an opportunity to object to the proposed installation of the pipe line.

The First Amended Complaint does not allege either the basis of the claimed right of action or the court's jurisdiction over the subject matter as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure. Inasmuch as plaintiffs seem to be alleging that defendant Natural acted under color of federal law, it may be inferred that plaintiffs intend to state a claim based on an implied right of action for deprivation of their constitutional rights.[1] *See Bivens* v. *Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 427 (1971) (federal agents, acting under color of federal authority, who searched individual without probable cause, can be sued for damages for deprivation of constitutional rights). And because the notice of removal alleges jurisdiction under 28 U.S.C. § 1331, the court will excuse plaintiffs' omission to plead the basis for this court's jurisdiction under the "unless the court already has jurisdiction" phrase of Rule 8(a)(1).[2] Natural has moved, pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss plaintiffs' First Amended Complaint. For the reasons set forth below, the court denies the motion.

---

[1] Plaintiffs cannot sue under 42 U.S.C. § 1983 because that statute provides a federal remedy against state officials for deprivations of rights established elsewhere in federal law. *See, e.g., Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985); *Maine v. Thiboutot*, 448 U.S. 1 (1980). Additionally, the court construes plaintiffs' complaint as alleging violations of the Fifth, not Fourteenth, Amendment, as the only alleged governmental entity is the federal government, to which only the Fifth Amendment Due Process Clause applies. *See, e.g., Massey v. Wheeler*, 221 F.3d 1030, 1036 n.1 (7th Cir. 2000).

[2] Rule 8(a)(1) requires a pleading to "contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it; . . ."

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no facts in support of its claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy v. Nat'l Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002); *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999).

## ALLEGATIONS OF THE COMPLAINT

Plaintiffs' First Amended Complaint, taken as true for purposes of this motion, alleges that Natural constructed a pipe line within 25 to 350 feet of each of the plaintiffs' properties. (Am. Compl. ¶¶ 3-5.) The pipe line was installed "under the power purportedly conferred by a Blanket Certificate issued by the Federal Energy Regulatory Commission ("FERC") . . . and also under the power of eminent domain pursuant to 15 U.S.C. [§]717f(h) . . . ." (Am Compl. ¶ 6.) Plaintiffs were not provided notice "informing them of their right to participate in a public and/or administrative hearing, where Plaintiffs could voice their objections to Defendant's pipeline before it was approved." (Am. Compl. ¶ 8.) If such a hearing had been held, they would have voiced their safety concerns regarding the pipe line. (Am. Compl. ¶ 9.) The installation and operation of the pipe line has reduced the quiet enjoyment and fair market value of their homes. (Am. Compl. ¶ 11.)

## DISCUSSION

Plaintiffs' First Amended Complaint alleges that the installation and operation of the pipe line without notice or an opportunity to respond violated procedural due process protections afforded by the Fifth Amendment. Natural argues that plaintiffs' First Amended Complaint fails to state a claim because (1) plaintiffs cannot assert a due process claim because Natural is a private company, not a government actor; (2) plaintiffs have not been deprived of due process because they had other meaningful remedies; and (3) plaintiffs cannot make an impermissible collateral attack on the FERC's Blanket Certificate provision because they failed to timely intervene and properly appeal any rules promulgated by the FERC.

### A. Government Actor[3]

It is well established that the Fourteenth (and its counterpart provision of the Fifth) Amendment "erects no shield against merely private conduct, however discriminatory and wrongful." *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). Instead, to succeed on their procedural due process claim, plaintiffs must show that Natural was acting as a government actor. In *Sherman v. Cmty. Consol. Sch. Dist. 21 of Wheeling Township*, 8 F.3d 1160, 1168 (7th Cir. 1993), the Seventh Circuit identified four situations in which a private actor involves itself in government activity so as to constitute government action: (1) when there is a symbiotic relationship between the private actor and the government, *e.g., Burton v. Wilmington Parking Auth.*, 365 U.S. 715 (1961); (2) if private discriminatory conduct is aggravated in some way by the involvement of a governmental authority, *e.g., Edmonson v. Leesville*, 500 U.S. 614 (1991);

---

[3]The court uses the term "government actor" instead of the commonly used "state actor" as it appears that plaintiffs allege that Natural acted as a federal government actor in its operations.

(3) when the government has commanded or encouraged private discriminatory action, *e.g., Rendell-Baker v. Kohn*, 457 U.S. 830 (1982); or (4) when the private actor carries on a traditional government function, *e.g., Terry v. Adams*, 345 U.S. 461 (1953).

Plaintiffs rely on the fourth, that Natural carried on a traditional government function, as they allege that Natural's actions constitute "governmental or quasi-governmental action." Specifically, plaintiffs maintain that Natural had the authority to install this pipe line by a Blanket Certificate provided by the FERC and also under the power of eminent domain pursuant to 15 U.S.C. § 717f(h).[4] A private actor carries on a traditional government function when it performs powers "traditionally exclusively reserved to the [government]." *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 157 (1978), quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974). In *Jackson*, the Court dealt with a privately owned power company extensively regulated by the Pennsylvania Public Utility Commission. 419 U.S. at 346. In determining whether the power company was a state actor when it shut off service to a customer, the court reasoned that the inquiry must be on "whether there is a sufficiently close nexus between the [government] and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the [government] itself." *Id.* at 351. In concluding that the power company was not a state actor for purposes of the case because the supplying of utility service was "not traditionally the exclusive prerogative of the State," the court specifically noted "[i]f we were dealing with the

---

[4]15 U.S.C. 717f(h) provides:

When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas . . . it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts.

5

exercise by [the power company] of some power delegated to it by the State which is traditionally associated with sovereignty, such as eminent domain, our case would be a quite different one." *Id.* at 353. Based on *Jackson*, to the extent that plaintiffs seek to impose government actor status on Natural because it either supplies natural gas or is otherwise regulated at the federal level, their First Amended Complaint does not state a claim.

The court, however, must also address Natural's ability, based on 15 U.S.C. § 717f(h), to use eminent domain proceedings to obtain the easements necessary to build the pipe line, as the hypothetical scenario the Court addressed in *Jackson* was the *exercise* of a traditional state power such as eminent domain. *Id.* Here, although the Amended Complaint states only that the pipe line was "installed under a power purportedly conferred by . . . the power of eminent domain . . . ," (Am. Compl. ¶ 6), plaintiffs clarify in their response to Natural's motion to dismiss that no eminent domain was actually used, instead only threats to use such power were presented if the easements were not voluntarily granted. (Pl. Resp. ¶¶ 3, 8.)

Nevertheless, construing the allegations as true and treating the First Amended Complaint liberally, the court may infer that Natural performed powers traditionally reserved to the government when it threatened to invoke the power of eminent domain to gain easements to support their pipe line.[5] Is this enough to transform Natural into a government actor? The court believes so, as Natural has offered no principled basis for a distinction between a private actor who uses powers traditionally reserved to the government and one who merely threatens to use such powers to effectuate the same purpose. Furthermore, the court is not persuaded by

---

[5]Natural claims that these easements "were successfully negotiated." (Def. Mot. at 7 n.4.) Ultimately, the evidence may show this, but at this time the court limits itself to the allegations of the First Amended Complaint, which fairly construed alleges that the easements were granted under threat of eminent domain authority.

6

Natural's additional argument that because plaintiffs do not allege violations of the rights of any property owners with respect to the acquisition of the easements but instead challenge Natural's right to install and operate the pipe line, the eminent domain power fails to make Natural a government actor. Liberally read, the First Amended Complaint challenges the failure to provide a pre-installation opportunity to be heard, which would, as a practical matter, require a hearing before acquisition of the easements. Natural's motion to dismiss on the basis that it is not a governmental actor is, therefore, denied.

**B.      Other Meaningful Remedies**

Under a procedural due process claim, the deprivation by government action of a constitutionally protected interest in "life, liberty or property is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law.*" *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original). In determining whether procedural due process requirements have been met, the court weighs several factors, including (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used;" (3) "the probable value, if any, of additional or substitute procedural safeguards;" and (4) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Natural points out that pre- and post-deprivation remedies exist for plaintiffs' deprivations under 18 C.F.R. § 385.206, which provides "[a]ny person may file a complaint seeking [FERC] action against any other person alleged to be in contravention or violation of any statute, rule, order, or other law administered by the Commission, or for any other alleged wrong

7

over which the [FERC] may have jurisdiction." Natural further contends that these remedies are still available to plaintiffs, and that these post-deprivation hearings would be constitutionally adequate to satisfy due process, citing *Gilbert* v. *Homar*, 520 U.S. 924 (1997); *United States* v. *James Daniel Good Real Prop.*, 510 U.S. 43 (1993); *Hudson* v. *Palmer*, 468 U.S. 517 (1984); *Parratt* v. *Taylor*, 451 U.S. 527 (1981); *Strasburger* v. *Board of Educ.*, 143 F.3d 351 (7th Cir. 1998).

Although Natural is correct that in certain circumstances post-deprivation remedies satisfy due process, the cases Natural cites are entirely distinguishable, as post-deprivation remedies in those cases were the only remedy that the State could be expected to provide, a scenario simply not present in the allegations here. *See Parratt* v. *Taylor*, 451 U.S. 527, 541 (1981) ("The justifications which we have found sufficient to uphold takings of property without any pre-deprivation process are applicable to a situation such as the present one involving a tortious loss of a prisoner's property as a result of a random and unauthorized act by a state employee."), *overruled in part on other grounds, Daniels* v. *Williams*, 474 U.S. 327, 330-31 (1986); *see also, Gilbert* v. *Homar*, 520 U.S. 924, 930 (1997) ("This Court has recognized, on many occasion, that where a State must act quickly, or where it would be impractical to provide predeprivation process, postdeprivation process satisfies the requirements of the Due Process Clause."); *Zinermon*, 494 U.S. at 128 ("*Parratt* . . . represent[s] a special case of the general *Mathews* v. *Eldridge* analysis, in which postdeprivation tort remedies are all the process that is due, simply because they are the only remedies the State could be excepted to provide."). Here, the plaintiffs claim a right to a pre-deprivation hearing. Whether post-deprivation remedies are adequate is principally a question of fact, not appropriate for determination on a motion to

8

dismiss. Natural's motion to dismiss because other meaningful remedies exist is denied.

C.   **Collateral Attack**

Finally, Natural argues that, because it is a holder of a Blanket Certificate issued from the FERC, it is automatically authorized under 18 C.F.R. §§ 157.211(a)(1)[6] and 157.208(a)[7] to construct delivery points and related delivery pipeline laterals without the necessity of any further hearing, action or approval by the FERC so long as the cost of the pipe line is less than $7.4 million, the natural gas is being delivered "to, or for the account of, a shipper for whom the certificate holder [Natural] is, or will be authorized to transport gas," 18 C.F.R. § 157.211(a)(i), and Natural's tariff does not prohibit the addition of new such delivery points. Natural maintains that any attack on the Blanket Certificate (which plaintiffs maintain was issued over 20 years ago and modified close to two years ago), would be an improper collateral attack on a FERC order.

---

[6]18 C.F.R. § 157.211 provides:

(a) Construction and operation–
(1) Automatic authorization. The certificate holder may acquire, construct, replace, modify, or operate any delivery point, excluding the construction of certain delivery points subject to the prior notice provisions in paragraph (a)(2) of this section if:
(i) The natural gas is being delivered to, or for the account of, a shipper for whom the certificate holder is, or will be, authorized to transport gas; and
(ii) The certificate holder's tariff does not prohibit the addition of new delivery points.

[7]18 C.F.R. § 157.208 provides:

Automatic authorization. If the project cost does not exceed the cost limitations set forth in column 1 of Table I, under paragraph (d) of this section, the certificate holder is authorized to make miscellaneous rearrangements of any facility, or acquire, construct, replace or operate any eligible facility. The certificate holder shall not segment projects in order to meet the cost limitations set forth in column 1 of Table I.

Under the costs table located in paragraph (d), the costs must not exceed $7.4 million for the automatic authorization to apply.

9

*See, e.g.*, 15 U.S.C. § 717r(a)[8] & (b)[9]; *Williams Natural Gas Co. v. City of Oklahoma City*, 890 F.2d 255, 262 (10th Cir. 1989) ("Judicial review under § 19 [15 U.S.C. 717r(a)] is exclusive in the courts of appeals once the FERC certificate issues."); *Guardian Pipeline, L.L.C., v. 529.42 Acres of Land*, 210 F. Supp. 2d 971, 974 (N.D. Ill. 2002) (Moran, J.) ("The validity and conditions of the FERC Certificate cannot be collaterally attacked in [the] district court. Review of the validity of the certificate is the exclusive province of the appropriate court of appeals.").

While Natural is correct that any challenge to FERC orders must first be by application for rehearing to the FERC under 15 U.S.C. § 717r(a) and challenged in the courts of appeal pursuant to 15 U.S.C. § 717r(b), the court concludes that plaintiffs have alleged sufficient facts to take this case out of a collateral attack on an FERC order, as plaintiffs allege not that the Blanket Certificate is invalid but that they should have been afforded notice and an opportunity to be heard with respect to safety concerns about the project. Moreover, 18 C.F.R. §§ 157.211(a)(1)

---

[8] 15 U.S.C. § 717r(a) provides

(a) Any person, State municipality, or State commission aggrieved by an order issued by the Commission in a proceeding under this chapter to which such person . . . is a party may apply for a rehearing within thirty days after the issuance of such order. The application for rehearing shall set forth specifically the ground or grounds upon which such application is based. Upon such application the Commission shall have the power to grant or deny rehearing or to abrogate or modify its order without further hearing.

[9] 15 U.S.C. § 717r(b) provides:

(b) Any party to a proceeding under this chapter aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the court of appeals of the United States for any circuit wherein the natural-gas company to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia, by filing in such court, within sixty days after the order of the Commission upon the application for rehearing, a written petition praying that the order of the Commission be modified or set aside in whole or in part . . . . Upon the filing of such petition such court shall have jurisdiction, which upon the filing of the record with it shall be exclusive, to affirm, modify or set aside such order in whole or in part.

10

and 157.208(a) only state that Natural is permitted to construct a pipe line without prior approval from the FERC. This says nothing about plaintiffs' allegation that Natural, acting as a government agent, had a duty to afford due process to persons affected by the proposed pipe line. Indeed, if Natural's arguments were true, plaintiffs would have been required to intervene in the proceeding by which the Blanket Certification was issued by the FERC well before they even had an idea that a pipe line was to be installed specifically on or near their properties if, indeed, notice is required at all under the regulations.[10] Thus, the court concludes that plaintiff's First Amended Complaint does not amount to a collateral attack on an FERC order and denies Natural's motion to dismiss on this ground.

This having been said, the court is at a loss to discern whether plaintiffs are attacking the regulatory scheme which does not provide them due process or seeking to impose a governmental due process obligation on Natural. If the former, it is questionable whether Natural is the proper defendant here. If the latter, the plaintiffs shed little light on the source and contours of such an obligation. Although the court will allow the case to proceed, it anticipates early disposition on summary judgment unless plaintiffs are better able to articulate their theory of liability.

## CONCLUSION

For the reasons stated above, Natural's motion to dismiss is denied [#10]. Natural is directed to answer the First Amended Complaint within 21 days from the entry of this order. A

---

[10]The Blanket Certificate (attached as Exhibit B to defendants first motion to dismiss), notes that "this authorization is subject to the notice procedure specified in [18 C.F.R.] § 157.205. Under § 157.205, it appears that some kind of notice is required in the Federal Register if the activity is not automatically authorized, which defendants claim their activity was.

11

scheduling conference is set for January 13, 2003 at 9:30 a.m.

ENTER: /s/ Joan H. Lefkow
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: December 11, 2002