

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3374 | **DATE** | 10/8/2003 |
| **CASE TITLE** | Pavelich, et al. vs. Natural Gas Pipeline Company of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion for summary judgment [25-1] is granted. Plaintiff's motion for summary judgment [31-1] is denied. Judgment entered in favor of the defendant. All future dates are stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | 2 number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 10 2003 | |
| | Notified counsel by telephone. | | date docketed | 43 |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. Mailed by MD. | | | |
| | Copy to judge/magistrate judge. | | 10/8/2003 date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

GEORGE PAVELICH, MEERI PAVELICH, ALVIN BENNETT, MONA BENNETT, JOHN MINI, LINDA MINI, CHARLES CORDER, MILDRED CORDER, MICHAEL GERALDI, KATE GERALDI, CRAIG SNIDER, LISA SNIDER, THOMAS GESELL, CARLA GESELL, SUSAN BENNETT and FRANCES REYNOLDS,

    Plaintiffs,

vs.

NATURAL GAS PIPELINE COMPANY OF AMERICA,

    Defendant.

No. 02 C 3374
Judge Joan H. Lefkow

## MEMORANDUM OPINION AND ORDER

Plaintiffs, who are property owners in Zion, Wadsworth, and Russell, Illinois, have filed a Second Amended Complaint against defendant, Natural Gas Pipeline Company of America ("Natural"), alleging violation of the Due Process Clause of the Fifth Amendment to the United States Constitution (Count I) and of a blanket certificate promulgated by the Federal Energy Regulatory Commission ("FERC") to Natural.[1] Jurisdiction is invoked pursuant to 28 U.S.C. § 1331. Before the court are the parties' cross motions for summary judgment. For the reasons stated below, plaintiffs' motion is denied while Natural's motion is granted.

---

[1] This case was originally filed in the Circuit Court of Illinois for the Nineteenth Judicial Circuit (Lake County) but was removed by Natural on the basis that it raised a federal constitutional question over which this court has original jurisdiction

## SUMMARY JUDGMENT STANDARDS

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine whether any genuine fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed R. Civ. P. 56(c) Advisory Committee's notes. The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In response, the non-moving party cannot rest on bare pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A material fact must be outcome determinative under the governing law. *Insolia*, 216 F.3d at 598-99. Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the non-moving party as well as view all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). On cross-motions for summary judgment, the court must consider the merits of each motion and assess the burden of proof that each party would bear on an issue at trial. *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997).

## FACTS[2]

Plaintiffs are individuals who own property and reside in Lake County, Illinois. (Def. L.R. 56.1 ¶ 1.) Natural is a Delaware corporation engaged in the business of installing and operating natural gas pipelines. (Def. L.R. 56.1 ¶ 2.) Natural has constructed a 1.4 mile pipeline lateral (the Calpine lateral, hereinafter referred to as the "Lateral") in Lake County, Illinois. (Def. L.R. 56.1 ¶ 5.) This Lateral is located near but not on plaintiffs' properties.[3] (Def. L.R. 56.1 ¶ 7.) While located mostly underground, it has some above-ground components and is marked with signs rising from the ground. (Def. L.R. 56.1 ¶ 18; Pl. L.R. 56.1 ¶ 5.)

Natural maintains that it constructed the Lateral pursuant to a blanket certificate the FERC issued. (Def. L.R. 56.1 ¶ 9.) The blanket certificate permits Natural to construct delivery points and related delivery pipeline laterals without any hearing, action or approval so long as (1) the cost of the pipeline lateral, plus the related delivery points facilities, is less than $7.5 million; (2) the natural gas is being delivered to, or for the account of, a shipper for whom Natural is, or will be, authorized to transport gas; and (3) Natural's tariff does not prohibit the addition of new delivery points. (Def. L.R. 56.1 ¶ 10.) Natural claims that it constructed the Lateral according to its blanket certificate because (1) the total cost of the Lateral at the time construction was completed was $3,523,139;[4] (2) the natural gas being transported through the Lateral is owned by

---

[2] The facts as set forth herein, taken from the parties' statements of material facts and supporting materials, are undisputed unless otherwise indicated.

[3] For plaintiffs George and Meeri Pavelich, the Lateral was installed approximately 25 feet from their home. (Pl. L.R. 56.1 ¶ 4.)

[4] Natural states that it may continue to incur additional charges for right-of-way restoration and further legal charges related to this case, but even counting these charges, the total cost will be significantly less than $7.5 million. (Def. L.R. 56.1 ¶ 13.)

3

Wisconsin Electric Power Company ("WE"); (3) the natural gas is shipped pursuant to Contract Nos. 121331 and 121329; (4) WE is a shipper; and (5) Natural's tariff does not prohibit the addition of any new delivery points. (Def. L.R. 56.1 ¶¶ 11-16.)

Plaintiffs disagree that the Lateral was built pursuant to the blanket certificate and contend that the cost of the Lateral must be combined with the cost of the Calpine power plant, where the gas is being sent. (Pl. Resp. to Def. L.R. 56.1 ¶ 11.) According to plaintiffs, this would exceed $7.5 million. (*Id.*) Plaintiffs' view is apparently premised on their claim that the only facility that can use large amounts of natural gas at the end of the pipeline is the Calpine power plant. (Pl. L.R. 56.1 ¶ 6.) Plaintiffs do not dispute, however, that the Calpine power plant is not owned by Natural but instead belongs to Zion Energy LLC. (Def. L.R. 56.1 ¶ 19.)

Plaintiffs maintain that there was never any hearing or opportunity for the public to question or object to the installation of the pipeline. (Pl. L.R. 56.1 ¶ 10.) Plaintiffs argue that the Lateral has caused substantial disturbance to the quiet enjoyment of their homes and property and that they have sustained monetary losses as a result of the diminution of the value of their land. (Pl. L.R. 56.1 ¶ 19.)

## DISCUSSION

On December 12, 2002, this court denied Natural's motion to dismiss and allowed this case to proceed. The court addressed three issues: (1) whether Natural was a government actor, which the court accepted for purposes of that motion because of plaintiffs' allegations of the threat of eminent domain used in acquiring easements necessary for the Lateral's construction; (2) whether post-deprivation remedies existed for any alleged due process violations, which the court left to be resolved at a later date because the issue was principally one of fact; and (3)

whether plaintiffs were collaterally attacking the blanket certificate issued to Natural, which the court ruled, at least at that stage of the litigation, plaintiffs were not attempting. *See Pavelich v. Natural Gas Pipeline Co. of Am.*, 2002 WL 31804410, at *5 (N.D. Ill. Dec. 12, 2002). In denying the motion, however, the court noted that plaintiffs' theory of the case was less than clear and it postulated that unless plaintiffs were better able to articulate a theory of liability, summary judgment would be granted in Natural's favor. Thereafter, plaintiffs filed their Second Amended Complaint alleging that Natural violated the Due Process Clause of the Fifth Amendment (Count I) and violated a blanket certificate the FERC issued (Count II).

**A.  Due Process**

Plaintiffs' due process theory alleges that Natural failed to inform them of their right to participate in a public and/or administrative hearing where plaintiffs could have voiced their objections to Natural's pipeline before it was installed. Plaintiffs make clear that they are not challenging the FERC blanket provisions themselves, but instead challenge Natural's decision to follow the "truncated" blanket certificate that provides no notice or hearing instead of applying to the FERC (*see* 18 C.F.R. § 157.201) or giving full landowner notice under 18 C.F.R. § 157.203(d).

The court finds plaintiffs' theory unpersuasive. The blanket certificate itself provides that Natural need not seek any hearing, action or approval so long as the blanket certificate requirements are met. As Natural points out, in terms of its decision to follow the certificate, it could not seek case specific applications from the FERC and was required to use the authority granted to it under the blanket certificate. *See, e.g., Southern Natural Gas Co.*, 50 F.E.R.C. ¶ 61,081 (Jan. 26, 1990) (rejecting case-specific application because pipeline company had blanket

5

certificate and could "construct and operate the modification without additional authority from the Commission."); *Panhandle Eastern Pipe Line Corp.*, 80 F.E.R.C. ¶ 61,193 (August 5, 1997) ("It has been the Commission's policy not to grant redundant case-specific section 7(c) authorization for activities that can be performed under a blanket certificate."); *Tennessee Gas Pipeline Co.*, 43 F.E.R.C. ¶ 61,042 (Apr. 5, 1988) ("[W]e perceive no legal, policy or administrative purpose to be served by continuing to process legal applications for authority to perform transactions that the applicant already has full authority to perform. The Commission has limited resources, and those resources are best allocated to the processing of applications whose grant or denial will have a meaningful and tangible effect on the service that can be rendered."). Further, more fundamentally, plaintiffs fail to explain how Natural's "decision" to follow authority given by the FERC could be the basis of a due process violation. Summary judgment is granted in favor of Natural on this claim.

## B. Blanket Certificate

In Count II, plaintiffs allege that Natural violated the blanket certificate regulations set forth in 18 C.F.R. Part 157. Specifically, plaintiffs allege that Natural "segmented" the Lateral from the Calpine power plant to come within the monetary amount in the blanket certificate. As Natural points out, however, the blanket certificate regulations were promulgated under Section 7 of the Natural Gas Act, 15 U.S.C. § 717f, which does not confer a private right of action. *New Orleans Pub. Serv. Inc. v. United Gas Pipeline Co.*, 732 F.2d 452, 466 n.26 (5th Cir. 1984) ("it has been held there is no private cause of action under the Natural Gas Act."); *Clark v. Gulf Oil Corp.*, 570 F.2d 1138, 1149-50 (3d Cir. 1977) (concluding that there is no cause of action for breach of the Natural Gas Act because "[c]onflicting decisions among the courts and between the

courts and the Commission concerning duties and liabilities would be inevitable and the responsibilities of the Commission under the Act unmanageable."); *In re California Retail Natural Gas & Elec. Antitrust Litig.*, 170 F. Supp. 2d 1052, 1060 (D. Nev. 2001) (no private right of action under the Natural Gas Act); *Harmon v. Phillips Petroleum Co.*, 555 F. Supp. 447, 450 n.5 (D. Mont. 1982) ("Enforcement of the Natural Gas Act rests with the Federal Energy Regulatory Commission and does not grant a private cause of action . . . ."). Indeed, a private right of action would be redundant, as FERC regulations allow for any person to file a complaint with the FERC for violation of any regulation. 18 C.F.R. § 385.206. Summary judgment is also properly granted in favor of Natural on the Count II claim.

## CONCLUSION

For the reasons stated above, Natural's motion for summary judgment is granted [#25] while plaintiffs' motion for summary judgment is denied [#31]. The clerk is directed to enter judgment in favor of the defendant. All future dates, including the November 3, 2003 trial date, are stricken. This case is terminated.

Enter: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Date: October 8, 2003